IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GEORGE H. EDWARDS, JR.,

    Petitioner,

v.                                              No. 13-934

JAMES CROSS, Warden, and
U.S. PAROLE COMMISSION,

    Respondents.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This matter involves two separate cases brought by petitioner George Edwards, Jr. that have been consolidated, case numbers 13-934 and 13-944.[1] Petitioner filed a petition for Writ of Mandamus under 28 U.S.C. § 1361 seeking an Order compelling the U.S. Parole Commission ("Parole Commission") to conduct a termination hearing and, until then, terminating his parole violation status and suspending his supervision (Case No. 13-934). Petitioner also filed a petition for writ of habeas corpus pursuant to 29 U.S.C. § 2241 requesting an order requiring James Cross ("Cross") to convert his special parole term ("SPT") to a regular term of imprisonment and to hold a hearing on his third parole

---

[1] On November 15, 2013, the Court granted the Government's request to consolidate these two cases and 13-934 was designated the lead case (Doc. 25).

violation or, in the alternative, terminating his SPT and releasing him from all conditions of parole (Case No. 13-944).

Now before the Court is petitioner's motion for summary judgment (Doc. 26). Petitioner asserts that respondent Cross failed to timely respond to the petition for writ of habeas corpus in case number 13-944. Respondents jointly respond (Doc. 29). In their response, they argue that while Cross did not formally adopt the Parole Commission's answer, they request that the Court do so now. They assert that the Parole Commission's answer addresses any issues petitioner brought against Cross. In petitioner's reply (Doc. 30), he argues that the Parole Commission's answer was filed 10 days prior to the consolidation of these cases and that the cases raise two questions for the Court, warranting separate answers. In so doing, petitioner further explained his separate claims. Respondents thereafter filed a sur-reply to address petitioner's additional explanation (Doc. 31).

Pursuant to Federal Rule of Civil Procedure 42, the Court has the authority to consolidate cases when the actions involve a common question of law or fact. Here, upon review of petitioner's separate complaints, the Court determined that the actions involve a common set of facts and therefore consolidated the cases in the interest of judicial economy (Doc. 25). The Court finds that respondent Cross did not thereafter need to file a separate answer because the consolidated actions involve a common set of facts and the Parole Commission has already timely responded.

Therefore, the Court **DENIES** petitioner's motion for summary judgment 26).

**IT IS SO ORDERED.**

Signed this 30th day of April, 2014.

Digitally signed by David R. Herndon
Date: 2014.04.30 15:59:38 -05'00'

**Chief Judge**
**United States District Court**