IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


GEORGE H. EDWARDS, JR.,

      Petitioner,

v.                                 **No. 13-934**
                                      **Consolidated with**
                                      **No. 13-944**

JAMES CROSS, Warden, and
U.S. PAROLE COMMISSION,

      Respondents.

## MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I.    Introduction

This matter involves two separate cases brought by petitioner George Edwards, Jr. that have been consolidated, 13-934 and 13-944.[1] Petitioner filed a petition for Writ of Mandamus under 28 U.S.C. § 1361 seeking an Order compelling the U.S. Parole Commission ("Parole Commission") to conduct a termination hearing and, until then, terminating his parole violation status and suspending his supervision (13-934).  Petitioner also filed a petition for writ of habeas corpus pursuant to 29 U.S.C. § 2241 requesting an order requiring James

---

[1] On November 15, 2013, the Court granted the Government's request to consolidate these two cases and 13-934 was designated the lead case (Case No. 13-934 Doc. 25).

Cross ("Cross")[2] to convert his special parole term ("SPT") to a regular term of imprisonment and to hold a hearing on his third parole violation or, in the alternative, terminating his SPT and releasing him from all conditions of parole (13-944).

## II.  Background

Petitioner was sentenced in 1985 to fifteen years in federal prison, followed by a 10-year SPT, for distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (Case No. 13-934 Doc. 1-1 at 1).  Petitioner's regular prison term expired on February 9, 2000, and his SPT commenced immediately thereafter.

Petitioner violated his SPT on July 26, 2001.  Petitioner's parole was revoked and he was informed that none of the time he spent on SPT would be credited.  At that time, the Parole Commission ordered an addition 9 months imprisonment and additional parole following petitioner's release (Case No. 13-934 Doc. 19 Ex. F).  On December 7, 2001, petitioner was re-paroled for a period up to and including March 1, 2011 (Case No. 13-934 Doc 19 Ex. G).

On July 6, 2007, petitioner was sentenced for wire fraud to a term of 12 months and one day in the custody of the Bureau of Prisons to be followed by a 4-year term of supervised release.  *United States v. Edwards*, No. 4:07-cr-00051-CDP-1 (E.D. Mo. 2007).

---

[2] The Court will refer to the respondents either separately by their respective names or collectively as "the Government."

Petitioner's parole was subsequently revoked.  Per the Parole Commission's Notice of Action dated April 14, 2008, petitioner was informed that his special parole was revoked and that because of his parole violations he would not receive credit for any of the time spent on special parole.  The Parole Commission also continued his special parole to a presumptive re-parole date of November 21, 2009 (Case No. 13-934 Doc. 19 Ex. K).

As a result of a July 2009 court order, petitioner received a separate hearing to consider whether continued supervision was warranted.  *See Edwards v. U.S. Parole Comm'n*, No. 8-301-KSF (E.D. Ky. 2008).  The Parole Commission concluded that additional supervision was indeed warranted (Case No. 13-934 Doc. 19 Ex. I).

On January 20, 2010, petitioner was again paroled for a period to last until February 27, 2017 (Case No. 13-934 Doc. 19 Ex. L).  On February 21, 2012, U.S. Probation Officer Wactor submitted a Supervision Report recommending continued supervision (Case No. 13-934 Doc. 19 Ex. M).  The Parole Commission thereafter conducted a review and determined to continue supervision.

In his January 31, 2014 report, however, Probation Officer Wactor indicated that petitioner had violated his parole and had been arrested for violating the conditions of his supervised release.

On February 8, 2013, petitioner's supervised release was revoked and he was sentenced to 24 months imprisonment.  *See United States v. Edwards*, No. 10-30216 (S.D. Ill. 2013).  Petitioner's anticipated release date is October 27,

2014.  The Parole Commission has placed its warrant as a detainer pending the competition of his sentence.

### III.    Petition for Writ of Mandamus

In case number 13-934, petitioner seeks a writ of mandamus compelling the Parole Commission to perform a parole termination hearing pursuant to 18 U.S.C. § 4211(c)(1).  He asserts that he has been on parole more than 11 years and the Parole Commission has only conducted one hearing pursuant to Section 4211(c).  He argues that if he had been afforded such a hearing, he may not have been on parole in January 2013 when he was violated.

The Government asserts that petitioner is not entitled to a writ of mandamus.  Specifically, the Government argues that "[p]etitioner does not have a clear right to the remedy he seeks because his is not entitled to a hearing for consideration for early termination of his parole until he has been on 5 continuous years of parole supervision" (Case No. 13-934 Doc. 19 at 3).  The Government asserts that petitioner was released on parole in January 2010 and he is not entitled to a parole termination hearing until January 2015.  The Government also denies petitioner's suggestion that his parole term runs while he is incarcerated.  Furthermore, the Government argues that even if a hearing was not timely conducted, petitioner's parole is not automatically terminated as the statue only requires the hearing.  Finally, the Government asserts that petitioner's claim that if the Commission had conducted a termination hearing, his parole

would have been terminated, and he would therefore not have violated "is entirely speculative and wholly without support" (Case No. 13-934 Doc. 19 at 6).

Petitioner thereafter replied that to date it had been at least four years since his last hearing.  Furthermore, after the first termination hearing, petitioner asserts that he may request an early determination hearing every year and that the Parole Commission is required to have hearing at least every two years. Under this framework, petitioner argues he was entitled to a hearing by at least April 2012 because he was released in January 2010.  Petitioner also clarifies that he is not seeking immediate release, but only that he is entitled to a hearing.

Pursuant to 28 U.S.C. § 1361, this court has "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  However, "the judiciary cannot compel through a writ of mandamus a federal official to perform any function unless the official is clearly directed by law to perform such a duty."  *Save the Dunes Council v. Alexander*, 584 F.2d 158, 162 (7th Cir. 1978).  The Seventh Circuit is clear, "mandamus jurisdiction is present only when a clear, plainly defined, and peremptory duty on the federal defendant is shown and there is a lack of an adequate remedy other than mandamus."  *Id.*

In this case, the duty petitioner feels is owed to him is encompassed in 18 U.S.C. § 4211.  The following is the entirety of that section.

**§ 4211. Early termination of parole**

(a) Upon its own motion or upon request of the parolee, the Commission may terminate supervision over a parolee prior to the termination of jurisdiction under section 4210.

(b) Two years after each parolee's release on parole, and at least annually thereafter, the Commission shall review the status of the parolee to determine the need for continued supervision. In calculating such two-year period there shall not be included any period of release on parole prior to the most recent such release, nor any period served in confinement on any other sentence.

(c)(1) Five years after each parolee's release on parole, the Commission shall terminate supervision over such parolee unless it is determined, after a hearing conducted in accordance with the procedures prescribed in section 4214(a)(2), that such supervision should not be terminated because there is a likelihood that the parolee will engage in conduct violating any criminal law.

(2) If supervision is not terminated under subparagraph (1) of this subsection the parolee may request a hearing annually thereafter, and a hearing, with procedures as provided in subparagraph (1) of this subsection shall be conducted with respect to such termination of supervision not less frequently than biennially.

(3) In calculating the five-year period referred to in subparagraph (1), there shall not be included any period of release on parole prior to the most recent such release, nor any period served in confinement on any other sentence.

Here, petitioner has not established that the Parole Commission has failed to perform a duty owed to him.  While section 4211 establishes that petitioner is entitled to a termination hearing five years after his release on parole, he has not yet reached that five-year mark.  Petitioner was released on parole in January 2010 therefore his five year anniversary is not until January 2015.  Petitioner seems to assume that his previous periods of parole would count towards the five

year period.  However, the section is quite clear that the five year period does not include any prior period of parole.   18 U.S.C. § 4211(c)(3).   Furthermore, petitioner is not currently on parole, he is incarcerated.  While his parole has not yet been revoked, a detainer has been lodged against him.

Finally, in his reply petitioner asserts that he was not given his required two year termination hearing.  Section 4211 includes 2 two-year period requirements.  Petitioner appears to interchange these sections.  The Court will therefore address both.  Pursuant to section 4211(b), petitioner is entitled to receive a review two years after his initial parole and every year thereafter.  However, this section does not require a hearing, just a review.  Next, petitioner is entitled to hearing at least biannually if he is denied early termination at the five year review pursuant to section 4211(c)(1).  18 U.S.C. § 4211(c)(2).  While petitioner points to the earlier court ordered termination hearing, this hearing took place during a separate period of parole.   Therefore, he was not entitled to a hearing in April 2012 pursuant to 4211(c)(2) but instead was entitled to a review pursuant to 4211(b), which he received.

Therefore petitioner's request for writ of mandamus is **DENIED.**

## IV.    Petition for Writ of Habeas Corpus

In case number 13-944, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner requests that the Court order Cross to convert petitioner's SPT to a regular term of imprisonment.  He also requests that the Court order that a parole hearing be held on the third violation within 90 days

of the Court's order.   In the alternative, petitioner requests that his SPT be terminated and that he be released of all conditions of his parole.

Petitioner asserts the following:  (1) the Parole Commission failed to hold a revocation hearing within 90 days and therefore forfeited jurisdiction; (2) a dispositional review should have been held within 180 days of placing the detainer and therefore the Commission has forfeited its ability to consider the charges; (3) citing to *Evans v. U.S. Parole Commission*, 78 F.3d 262 (7th Cir. 1996), once revoked, a special parole cannot be re-imposed; and (4) because his parole certificate states that he must remain within the limits of the Southern District of Illinois, that this establishes a liberty interest subsequently taken from him without due process.

Before these cases were consolidated, petitioner moved for, and the Court granted, leave to supplement his habeas petition (Case No. 13-944 Doc. 13).  In his supplement, petitioner asserts a fifth issue: (5) he could not be in violation of the conditions of his parole because he did not sign his parole certificate.   In support of this assertion, petitioner provides copies of two requests to his case manager for the parole certificate and a blank copy of a parole certificate.

Cross has adopted the Parole Commission's answer as his own.  Therefore, Cross's positions have been addressed above.

The Court must first decide whether section 2241 is the proper vehicle for petitioner's claims.  The Court concludes that it is and that petitioner may use 28 U.S.C. § 2241 to challenge the continuation of his parole.  *Valona v. United*

*States*, 138 F.3d 693, 695 (1998).  *See also Evans*, 78 F.3d at 264; *Valona v. U.S. Parole Com'n*, 165 F.3d 508, 510 (1998)[3].

Once under the umbrella of section 2241, exhaustion of administrative remedies is a prerequisite to seeking relief.  *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004).   Neither party fully addresses the exhaustion issue. Petitioner indicates that he appealed a parole decision to the National Appeals Board in 2008 (Case No. 13-944 Doc. 1 at 4, Doc. 3-1 at 3).  However, this appeal does not address the potential third revocation, nor could it, because the Parole Commission has not yet revoked his parole.  He is currently imprisoned because the undersigned revoked his supervised release required as a result of his 2007 wire fraud conviction (Case No. 10-30216 Doc. 4).  The Court cannot therefore address issues regarding the third revocation.  However, in the case of claims of administrative hearing delays (Issues 1 & 2), the Seventh Circuit is clear that exhaustion is not required.  *Valona*, 165 F.3d at 510 ("Only in the world of Kafka would a court dismiss a claim that an agency has taken too long to reach a decision on the ground that the agency has yet to reach a decision-and that the aggrieved party can't complain until it does (by which time, of course, the claim will be moot).")

---

[3] While the Seventh Circuit indicates that claims regarding the delay of hearing with the Parole Commission may be best considered under the APA, it directs district judges to "afford the relief to which the prevailing party is entitled without regard to errors in the pleadings." *Valona v. U.S.*, 165 F.3d 508, 510 (7th Cir. 1998).  Therefore, the Court will consider the alleged hearing delays.

**A. Issues 1 & 2: Revocation and Detainer Hearings**

Petitioner first asserts that the Parole Commission forfeited jurisdiction over him when it failed to hold a revocation hearing within 90 days (Case No. 13-944 Doc. 1 at 9).  Petitioner also argues that the Parole Commission also forfeited jurisdiction over him when it failed to hold a dispositional review within 180 days of placing the detainer against petitioner (Case No. 13-944 Doc. 1 at 9).

Petitioner was not entitled to a revocation hearing within 90 days.  He is currently incarcerated a result of the revocation of his supervised release resulting from his 2007 wire fraud conviction.  Therefore, he is not yet in custody pursuant to the warrant issued for his parole violation.  *See Moody v. Dagget,* 429 U.S. 78, 86 (1976).  The Parole Commission may place the parole revocation against him as a detainer.  18 U.S.C. § 4214(b)(1).  "[S]uch detainer shall be reviewed by the [Parole] Commission within one hundred and eighty days of notification to the [Parole] Commission of placement."   18 U.S.C. § 4214(b)(1).   The Parole Commission does not appear to have yet reviewed his detainer.  However, absent a showing that petitioner was prejudiced by the delay, the failure to conduct the dispositional review does not violate due process.  *Matamoros v. Grams*, 706 F.3d 783, 792 (7th Cir. 2013).  Upon thorough review of the record, the Court does not find any evidence of prejudice to the petitioner resulting from the delay that would justify invalidation of the warrant and detainer.

### B. Issue 3: Re-Parole

Next, petitioner asserts that pursuant to *Evans*, the Parole Commission did not have the authority to impose a second term of special parole but should have converted his SPT to a regular term of imprisonment.  78 F.3d at 264.  He also argues that the Parole Commission does not have the authority to impose a third violation term of SPT.  The Court will not address the third potential violation term of special parole as petitioner has not yet been revoked.

Petitioner is correct in his analysis of the Seventh Circuit's decision in *Evans*.  In *Evans* the Seventh Circuit relied heavily on its decision in *United States v. McGee*, 981 F.2d 271 (7th Cir. 1992).  Specifically, in *McGee*, the Seventh Circuit interpreted section 3583(e)(3) and held that once a district court revoked defendant's supervised release and re-imprisoned him, no residual term of supervised release survived revocation.  *Id.* at 273-74.  Using the same reasoning, the Circuit concluded that release from imprisonment following revocation of special parole, similar to that following revocation of supervised release, was not a new term of special parole but normal parole.  *Id.*  However, the Seventh Circuit's decision in *Evans* must now be reviewed in light of *Johnson*.

In 2000, prior to petitioner's first violation and second SPT, the Supreme Court decided *Johnson v. United States*, 529 U.S. 694 (2000).  *Johnson* settled a split in the circuits concerning whether 18 U.S.C. § 3583(e)(3), a supervised release statute having some similarities to section 21 U.S.C. § 841(c), authorizes district courts to impose a second term of supervised release following a

recommitment from a prior term of supervised release.  Section 3583 empowers a district court to:

> revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision . . . .

18 U.S.C. § 3583(e)(3).  The Supreme Court determined that section 3583 *does* authorize a court to impose successive terms of supervised release.  *Johnson*, 529 U.S. at 703-13.  In so-doing, the Supreme Court abrogated *McGee*, 981 F.2d 271. The Seventh Circuit has yet to address *Evans* in light of the *Johnson* decision. However, because the statutes are similar and the Seventh Circuit relied significantly on *McGee*, this Court will apply *Johnson* to section 841(c) and adopt the Government's reasoning that a SPT may be imposed following imprisonment for revocation of a SPT.

### C.  Issue 4: Liberty Interest

Petitioner also asserts that he has a liberty interest in the March 1, 2007 release date and that it was taken without due process in the April 14, 2008 decision (Case No. 13-944 Doc. 1 at 9).  The conditional freedom of parole is a liberty interest protected by the Due Process Clause of the Fourteenth Amendment.  As such it may not be revoked absent appropriate due process safeguards.  *Moody*, 429 U.S. at 85-86.  The April 14, 2008 decision shows that petitioner was afforded appropriate due process safeguards.  He had a parole revocation hearing on March 20, 2008 and thereafter the Parole Commission

issued its decision.  Nothing in petitioner's filings indicates otherwise.  Therefore, this issue is without merit.

### D. Issue 5: Parole Certificate

Petitioner additional asserts that that he never signed his parole certificate.  However, in their sur-reply to petitioner's motion for summary judgment, respondents provided a signed copy (Case No. 13-934 Doc. 32).  Therefore, this argument is also without merit.

Therefore, petitioner's petition for writ of habeas corpus pursuant to section 2241 is **DENIED.**  If petitioner chooses to appeal this habeas decision, it is not necessary for him to obtain a certificate of appealability.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

## V. <u>Conclusion</u>

Accordingly, the Court **DENIES** petitioner's request for writ of mandamus (Case No. 13-934) and his petition for writ of habeas corpus pursuant to section 2241 (Case No. 13-944).  The Court **DISMISSES** petitioner's actions, Case Nos. 13-934 and 13-944, **with prejudice.**  Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**
Signed this 21st day of May, 2014.

Digitally signed by David R. Herndon
Date: 2014.05.21 14:46:38 -05'00'

**Chief Judge**
**United States District Court**